**Chicago City Bank and Trust Company and Louis Rathje, Trustee, Appellees, v. Jacob Bremer, Appellant.**

**Gen. No. 19,928.   (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. Michael L. McKinley, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed October 13, 1914.

### Statement of the Case.

Bill filed by Chicago City Bank and Trust Company and Louis Rathje, trustee, against Jacob Bremer.

Helen Bremer (the present wife of Jacob Bremer), Fred Oien and David Pingree, to foreclose a trust deed executed by Jacob Bremer and Anna B. E. Bremer, his former wife, to secure certain promissory notes. The defendants Helen Bremer and Fred Oien were served with summons but failed to appear, and the defendant David. Pingree was not served and never appeared. To reverse the decree awarding the foreclosure, defendant Jacob Bremer appeals.

The bill contained an allegation that the grantors in the trust deed had conveyed their equity of redemption to Jacob Bremer and that he was in possession of said premises, and that Helen Bremer, Fred C. Oien (a holder of a certificate of sale under the foreclosure of a subsequently recorded encumbrance) and David Pingree had or claimed to have some interest in said premises as judgment creditors or otherwise, "which interest, if any,* accrued subsequent to the lien of said trust deed and are subject thereto."

The notes involved a principal note for $3,500 dated July 20, 1905, and payable five years after date to the order of the makers, and ten interest notes each for the sum of $105, due at intervals of six months during the five years, all signed and indorsed in blank by Anna B. E. Bremer and Jacob Bremer. The trust deed in question, of the same date, was signed and acknowledged by the same persons and ran to Louis Rathje in trust to secure certain described notes, with the usual provision of such trust deeds that the legal holder of said notes might foreclose the said deed of trust in case of default in the manner provided· by law. The evidence taken in the cause showed that under date of April 18, 1908, Anna B. E. Bremer (in her own right) and Jacob Bremer (her husband) executed a warranty deed of the land in question to Jacob Bremer, reciting it to be "for and in consideration of the love and affection I have for Jacob Bremer, my husband, and other good, valued (sic) and suffi-

cient consideration, and the further sum of one dollar in hand paid''; that said deed was acknowledged by both parties on April 18th and recorded on April 20, 1908, and that on April 19, 1908, Anna B. E. Bremer died intestate, leaving her surviving Jacob Bremer, her husband, and Katherine Peck and Julia E. Parker, her sisters, her only heirs at law and next of kin.

Appellant urges as ground for reversal that there is a defect of parties in the cause in which it was rendered; that the cause should not have been referred to a master in chancery; that the master's acts and report were unauthorized and unjustified in law; that the fees charged by him and allowed were illegal; that his report should not have been confirmed; that the trust deed foreclosed was not connected with the notes described in the decree which the court found it was given to secure; and that the contract as a part of which the trust deed was executed and delivered was usurious and the amount found due by the court was therefore under the law not due.

EDWARD ROBY, for appellant.

RATHJE & WESEMANN, for appellees; GUY VAN SCHAICK, of counsel.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 451*—*when heirs or representatives or mortgagor not necessary parties.* Where a husband and wife executed a trust deed to secure the payment of notes, and the wife died, but before her death conveyed her interest in the property to the husband, *held* on bill thereafter filed to foreclose the trust deed that it was unnecessary to make the heirs or representatives of the wife parties, and that the husband was estopped to make such claim for the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

reason he took the deed, recorded it and took possession of the property.

2. MORTGAGES, § 531*—*when proceedings before master not invalid.* Proceeding before a master in a foreclosure proceeding *held* not to be invalid for the reason that certain persons made party defendants and personally served with summons were not defaulted before the reference, and that another person made a defendant in the bill was not served and never appeared, it appearing that such parties were made defendants under a general allegation of a supposed but inferior interest and that they were not complaining.

3. EQUITY, § 396*—*right of master to fees.* A master is not deprived of his right to fees because under an order of reference instructing him to report his findings as to ultimate facts he also "gave advice" to the court.

4. MORTGAGES, § 43*—*when identity of notes question of fact.* On a bill to foreclose a trust deed, *held* that the question whether the notes produced in evidence were those described in the trust deed was one of fact upon which a finding in the affirmative was warranted, though there was a variance between the recital of the trust deed as to the place of payment of the notes and the actual fact as shown by the notes, and though an accelerating clause in the principal note was not repeated in the recitals of the deed.

5. USURY, § 2*—*when provision in note does not render loan usurious.* An accelerating clause in the principal note secured by a trust deed making the amount due in case of default in the payment of any of the interest notes, *held* not to render the loan usurious.