Metropolitan Life Insurance Company, Defendant in Error, v. Henry S. Kobbeman et al., Plaintiffs in Error.

Gen. No. 8,224.

Heard in this court at the May term, 1930.   Opinion filed March 5, 1931.

SHELDON & BROWN, for plaintiffs in error.

JOHN A. RIORDON and HARDY, HARDY & HARDY, for defendant in error.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

This is a proceeding to review a decree for foreclosure entered in favor of Metropolitan Life Insurance Company, a corporation, defendant in error, against Henry S. Kobbeman, Emma Kobbeman and

Gertrude Graham, plaintiffs in error. A writ of error was sued out by Henry S. Kobbeman and Emma Kobbeman, mortgagors, and by Gertrude Graham, a junior mortgagee. The mortgage foreclosed by the defendant in error was executed on July 10, 1924, by the said Henry S. Kobbeman and Emma Kobbeman on certain land in Whiteside county to the Savings Bank of Kewanee, an Illinois banking corporation for the purpose of securing a payment on October 1, 1929, to the said Savings Bank of Kewanee of one promissory note of mortgagors for $15,000 and of even date with said mortgage. The said note bore interest at 5¼ per cent per annum payable annually as per coupon interest notes attached for each year's interest. This mortgage was assigned by the said bank to the defendant in error on August 8, 1924. The assignment was recorded in the recorder's office of Whiteside county on October 4, 1924. On August 12, 1924, Henry S. Kobbeman and Emma Kobbeman, husband and wife, two of the plaintiffs in error, made their note for $28,000 to Gertrude Graham, a plaintiff in error, and secured the same by a chattel mortgage and also a real estate mortgage which included the land described in the mortgage given to secure the $15,000 note foreclosed by the defendant in error and other lands. On November 1, 1927, Henry S. Kobbeman, a plaintiff in error, leased to the said Gertrude Graham the land included in the mortgage foreclosed by the defendant in error and other lands. On a hearing the court found in favor of the defendant in error and found that the mortgagors had failed to pay the taxes and to keep the insurance in force and other items, and entered a decree for $19,312.31. The court also found that the amount claimed to be due to the said Gertrude Graham on her said note for $28,000 secured by mortgage and any rights she claimed under the lease were subject to the lien of the defendant in error.

A number of reasons are assigned and argued for a reversal of the decree. The principal question raised is whether or not the mortgage given to the Savings Bank of Kewanee, and assigned to the Metropolitan Life Insurance Company, defendant in error, contains a sufficient description of the note that was given to secure it. The note is as follows:

"REAL ESTATE MORTGAGE NOTE
KEWANEE, ILLINOIS

"Number                                                    Dollars
1039                                                  $15,000.00

July 10, 1924

"On the first day of October, 1929, for value received, we promise to pay to the order of SAVINGS BANK OF KEWANEE, Fifteen Thousand and no/100 Dollars in lawful money of the United States of America with exchange on the City of New York, with interest thereon at the rate of 5¼ per cent per annum payable annually, according to the terms of coupon interest notes of even date therewith and hereto attached.

"This note is secured on Real Estate in Whiteside county, Illinois, and shall bear interest at the rate of seven per cent per annum after maturity until paid.

"Partial payments may be made in accordance with privilege indorsed on the back of this note.

Henry S. Kobbeman
Emma Kobbeman."

(Indorsed on back:)

"Payments may be made on this note in sums of $100 or any multiple thereof on any interest paying date prior to its maturity.

Pay to the order of
Metropolitan Life Insurance Company
Without recourse on us.
SAVINGS BANK OF KEWANEE,
By Sam D. Burge,
Cashier."

Attached to said note were certain coupon notes.

It will be seen that the said note is complete in all respects and is in compliance with the Negotiable Instruments Act, Cahill's St. ch. 98, ¶ 21 *et seq.* It bears a certain date and states upon its face the amount of the indebtedness, the names of the parties, when it is due and the rate of interest it bears.

In the description of the note, however, contained in the mortgage, the date of the maturity thereof and the rate of interest is omitted and it is insisted by plaintiffs in error that by reason of these omissions the mortgage of Gertrude Graham is a prior lien and that a lease of the premises executed by the owners of the land to her is precedent to any claim of the defendant in error. While it is true that the mortgage in describing the note did not set forth the rate of interest it bore or the maturity date, these omissions do not affect the validity of the mortgage as against the mortgagors or plaintiff in error Gertrude Graham. The mortgage recites that, ''Said Henry S. Kobbeman and Emma Kobbeman, mortgagors, are justly indebted upon one promissory note bearing even date herewith, payable to the order of the Savings Bank of Kewanee for the sum of $15,000, at its banking house in Kewanee, Illinois.''

A promissory note or bond secured by mortgage may be described according to its tenor and effect, and errors, inaccuracies, or lack of particularity in the description will not invalidate the mortgage if the intention of the parties is apparent, or the note or bond is capable of identification from other parts of the instrument or by the aid of extrinsic evidence. This rule applies where there is a misrecital as to the amount of the note secured, or a failure to state the amount at all, but the note is otherwise fully and properly described, where the description of the note indicates that it bears interest, but fails to specify its rate or the time of payment, or where there is a mis-

take in reciting the date of the note, or its maturity, or in specifying the time and manner of its payment; but such error is merely clerical, and the note is nevertheless clearly identified. Nor will the mortgage be avoided by a mistake in setting forth the name of the parties to the note which is intended to be secured. And the omission to set forth, in the description of the note, a nugatory or unimportant clause therein, not essential to its identification, will not be regarded as material. When a note and the mortgage given to secure it mutually refer to each other, they must be construed together. 41 Corpus Juris, p. 409, par. 256.

In *Polo State Bank v. Typer,* 249 Ill. App. 604, we held that, ''a chattel mortgage otherwise sufficient and regular is not invalidated by reason of the fact that it does not state the date of maturity of the note secured thereby, nor the names of the payee or maker, nor what is the amount of the indebtedness of the mortgagor to the mortgagee, where by the terms of the mortgage third parties are adequately placed upon notice as to all such matters.''

Furthermore, on a bill to foreclose a trust deed, it was held that the question whether the notes produced in evidence were those described in the trust deed was one of fact upon which a finding in the affirmative was warranted, though there was a variance between the recital of the trust deed as to the place of payment of the notes and the actual fact as shown by the notes, and though an accelerating clause in the principal note was not repeated in the recitals of the deed. *Chicago City Bank & Trust Co. v. Bremer,* 189 Ill. App. 258–261.

In view of the state of the record we are of the opinion that the $15,000 note heretofore described was the note that was executed by the mortgagors; it is a part of the record in this cause and the court by rendering its decree so found, and we think properly so.

It is insisted by the plaintiffs in error that the right of the defendant in error to do business in Illinois is limited to life, accident and health insurance; that it was not licensed to engage in buying of promissory notes or other writing obligatory of any kind or description. The bill alleges that the defendant in error is a corporation organized under the laws of the State of New York. Under the laws of the State of New York the defendant in error was authorized to loan money upon security of improved unincumbered real estate in any State worth 50 per cent more than the amount loaned thereon provided that the security for such loan is a first lien on such real property.

The plaintiffs in error answered the bill of defendant in error and admitted that the defendant in error was organized under the laws of the State of New York, but denied that it was authorized by its charter to invest and loan money and denied that on the 10th day of July, 1924, Henry S. Kobbeman and Emma Kobbeman, two of the plaintiffs in error, delivered their note for $15,000 to the Savings Bank of Kewanee; also denied that the said bank sold the mortgage to the defendant in error. And further answering they alleged that the defendant in error was not authorized under the laws of the State of New York to purchase said mortgage and that the State of New York has by statute provided that property given as security for indebtedness must be worth at least 50 per cent more than the amount loaned thereon; and further alleged that the said property mortgaged to secure the said $15,000 note was not worth 50 per cent more than the amount loaned thereon; and that the defendant in error was not authorized by its license in Illinois to engage in the business of purchasing mortgages.

Any corporation formed under the laws of any other State or country and authorized by its charter to invest or loan money, may invest or loan money in this

State. And any such corporation that may have invested or lent money as aforesaid, may have the same rights and powers for the recovery thereof as private persons or citizens of this State. Cahill's St. ch. 32, ¶¶ 298 and 299.

The defendant in error made a prima facie case sufficient to entitle it to a decree of foreclosure by introducing in evidence the mortgage note and other preliminary proofs. It devolved then upon the plaintiffs in error to establish the defense they relied upon by their answer. *Foreman Trust & Savings Bank v. Cohn,* 342 Ill. 280–287.

Since the plaintiffs in error alleged in their answer that the defendant in error was not authorized under the laws of the State of New York to purchase the said note and mortgage; that the State of New York has provided by statute that property given as security for indebtedness must be worth at least 50 per cent more than the amount loaned thereon; that the property in question was not worth 50 per cent more than the amount loaned thereon; and that the defendant in error was not authorized by its license to do business in Illinois to purchase mortgages, it was incumbent upon them to prove the allegations of their answer by clear and convincing evidence. *Foreman Trust & Savings Bank v. Cohn, supra; Boudinot v. Winter,* 190 Ill. 394.

Plaintiffs in error have not brought themselves within the rule and established the matters and things set forth in their answer. We conclude, therefore, that the decree of the circuit court of Whiteside county should be affirmed, which is accordingly done.

*Decree affirmed.*