Clarence A. Martin, Appellant, v. Rockford Trust Company, Appellee.

Gen. No. 8,956.

Opinion filed August 14, 1935. Rehearing denied September 30, 1935.

Hyer & Gill, of Rockford, for appellant.

Welsh & Welsh, of Rockford, for appellee; C. K. Welsh, of counsel.

Mr. Justice Huffman delivered the opinion of the court.

This was a complaint in chancery filed by appellant to cause appellee, as trustee, to account to appellant for his pro rata share of certain funds that had come into the hands of said trustee. On May 1, 1927, the Rockford Silver Plate Company, an Illinois corporation, with its principal place of business located in the city of Rockford, Illinois, executed its promissory notes in the aggregate amount of $55,000. These notes were made payable to bearer, at the office of appellee. To secure the payment thereof, a trust deed was executed by said corporation upon certain real estate located in the city of Rockford, to appellee, as trustee. Appellant became the holder of $10,000 face value of said notes. The city of Rockford, desiring to widen the street adjacent to the mortgaged premises, brought a condemnation proceeding therefor, which resulted in a judgment against the city for $21,839.79. On August 5, 1931, the said city paid the sum of $22,134 to appellee, as trustee, in satisfaction of the above judgment and accrued interest thereon. Appellee, as trustee, without any notice to appellant or any of the other noteholders, paid the first special assessment instalment against the balance of the real estate secured, to the amount of $5,209.90. The trustee also paid to the county treasurer the sum of $1,850.14 for general taxes due upon the mortgaged premises, for the taxable year of 1930, payable in 1931. The trustee also expended $600 in wrecking a part of a building located upon the mortgaged premises. Following these expenditures, the trustee invested the sum of $4,103.33

of the above judgment money in school warrants of the city of Rockford.

The cause came on for hearing before the chancellor, who by his decree found the facts to be as above stated, and found that such disbursements were made without the knowledge or consent of appellant. The chancellor held that the trustee did not violate its duty as trustee toward appellant in its application of the judgment money, and that such trustee was not accountable to appellant for any of such disbursements, and only accountable for the balance of the judgment money remaining on hand. Appellant prosecutes this appeal from the decree of the court.

In a general way, a trust may be said to exist where the legal estate is in one person, and the equitable estate is in another, or where there are rights, titles, and interest in the property distinct from the legal ownership. The trust in this case is what may be termed a direct or express trust, since it arises out of a direct and positive declaration of trust. Express trusts are usually divided into two groups, commonly designated as passive or dry trusts, and active trusts. By an active trust, duties usually devolve upon the trustee, the performance with which he is charged, such as the active operation and control of the corpus of the trust. The powers of a trustee depend upon the terms of the instrument by which the trust is created. A trustee holds the trust estate for the benefit of the *cestui que trust,* and it is incumbent upon the trustee to administer the trust in compliance with the terms thereof. Failing to do this, he is liable for any injury sustained by any person beneficially interested in the trust.

Property conveyed to a trustee by a trust deed, providing for the discharge of an obligation of the grantor to the *cestui que trust,* will be given effect as a mortgage. Consistency has been achieved in matters of

this kind only by the complete adoption, by judicial decision or statute, of the equitable conception that a mortgage is in fact a security, nothing more and nothing less. A trustee in a deed of trust in the nature of a mortgage must look to the terms of the instrument itself for the determination of his duties, and is entitled to act only within the scope of the powers granted. He has no right to perform any acts extraneous to his trust or beyond his authority as granted therein.

A very recent case was before the Supreme Court of this State, entitled *Chicago Title & Trust Co. v. Robin,* 361 Ill. 261, filed in said court on June 18, 1935, wherein it was stated that "the powers granted to a trustee in a deed of trust, are not liberally construed, and their exercise must be consonant with the terms of that instrument. Those powers, furthermore, exist only in the terms creating the trust, and no others." The court in that opinion, in making further comment with reference to the powers of a trustee under a trust deed, makes the following statement: "This court does not have the power to import into a contract other or additional provisions. To do so would be making a new contract for the parties. We cannot construe a contract along the lines of what we might believe would be a better contract for the parties to make, as equity vests no wide discretion in the chancellor such as would permit him to disturb contract rights of property." It was the holding of the court in the above case that since the rights, duties and obligations of a trustee were contained and defined solely in the trust deed, it was his duty to look to the same in determining his right and power to act thereunder, and that he was limited to the powers therein set out.

The trust deed in this case did not empower the trustee to do any of the things that it did with refer-

ence to the above judgment money. On the contrary, by the terms of the trust deed, the Rockford Silver Plate Company covenanted and agreed with the trustee and the noteholders "to pay all taxes and assessments accruing or levied upon the real estate." There is no charge or showing that the grantor corporation was unable to pay its taxes and assessments. We discover nothing in the terms of the trust deed which would authorize the trustee to exercise any control of the property, pay any taxes, make any repairs, or to in any way assume an active charge and control of the mortgaged premises, such as going upon the same and wrecking any part of the buildings thereon.

Where property under mortgage is condemned for public use, the mortgagee or holder of the mortgage debt is entitled to be first paid out of the fund. *South Park Com'r v. Todd,* 112 Ill. 379; *Calumet River Ry. Co. v. Brown,* 136 Ill. 322; *Union Mut. Life Ins. Co. v. Chicago & W. I. R. Co.,* 146 Ill. 320. The condemnation money takes the place of the land taken, and thus lost by the mortgagee as security for the debt. The holder of the debt is entitled to have such money applied upon the discharge of his debt.

Appellee urges that there is no charge of bad faith on its part, and therefore the presumption that it acted for the best interests of the noteholders, and appellant in particular, should prevail, and that the decree should be affirmed. This court has not taken into consideration in any manner whatever the question of bad faith on the part of appellee, in the determination of this case. It is purely a question of whether appellee as trustee had the power, under the trust deed, to make application of the judgment money in the manner in which it was done. We are of the opinion that no such powers were granted and the court is unable to inject new and additional provisions into the instrument in question. We are compelled to

accept the contract as written and look to the terms thereof for the determination of the trustee's rights thereunder, as effectually as the trustee itself is bound to do.

The decree of the trial court is reversed and this cause remanded.

*Reversed and remanded.*