(No. 37220.

WESTERN ILLINOIS OIL COMPANY, Appellant, *vs.* ROBERT P. THOMPSON *et al.*, Appellees.

*Opinion filed November 30, 1962.*

STUART, NEAGLE & WEST, of Galesburg, for appellant.

BARASH & STOERZBACH, of Galesburg, for appellees.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

This case is before us on appeal from a decree of the circuit court of Knox County dismissing for want of equity the complaint for specific performance of an option to purchase certain real estate, and cancelling and removing as a cloud upon the title an alleged lease and agreement pertaining to the same real estate. The plaintiff has appealed, contending the findings of the trial court are not supported by the evidence.

The factual situation is relatively simple. Plaintiff, Western Illinois Oil Company, a corporation, entered into a written lease and agreement with defendant dated April 1, 1956, demising certain real estate to plaintiff for a term of five years with an option to plaintiff to renew for an additional five years on giving defendants written notice of the intent to exercise the extension privilege at least 30 days prior to the expiration of the term. An unnumbered paragraph immediately thereafter gave plaintiff an option to purchase the realty on the terms therein stated. The physical arrangement of the pertinent provisions of the lease is best portrayed by setting them forth as follows:

"5. Lessee shall have the option of extending or renewing this Lease for an additional term of five (5) years ending on the 31st

day of March, 1956, at a rental of Eleven Hundred Twenty-five ($1,125.00) Dollars per year. Lessee shall have the further option of extending or renewing this Lease for an additional term of five (5) years ending on the 31st day of March, 1971, at a rental of Thirteen Hundred Fifty ($1,350.00) Dollars per year. In all other respects the terms and conditions of the aforesaid extensions and renewals shall be as herein contained. The Lessee shall give to the Lessor written notice of its intention to exercise the extension privilege at least thirty (30) days prior to the expiration of any renewal term hereof.

"Lessee shall have the option of purchasing the above-described premises at any time during the term of this Lease, or any extension thereof, for the sum of Twelve Thousand ($12,000.00) Dollars, by giving to Lessor at least thirty (30) days written notice to that effect. Upon receipt of such notice, Lessor agrees to promptly convey said premises to Lessee, or as it shall direct, by good and sufficient warranty deed upon payment to Lessor of said sum of Twelve Thousand ($12,000.00) Dollars."

By written agreement dated August 6, 1956, the lease was amended in the following language:

"Paragraph 5 of said Lease and Agreement shall be deleted and the following shall be inserted there as a new paragraph 5. reading as follows:

"5. Lessee shall have the option of extending or renewing this Lease for an additional term of five (5) years ending on the 31st day of March, 1966, at an annual rental of Eleven Hundred Twenty-five ($1125.00) Dollars per year. Lessee shall have the further option of extending or renewing this Lease for an additional term of five (5) years ending on the 31st day of March, 1971, at an annual rental of Thirteen Hundred Fifty ($1350.00) Dollars per year. In all other respects the terms and conditions of the aforesaid extensions and renewals shall be as herein contained. The Lessee shall be deemed to have exercised its extension privilege(s) in any instance unless Lessee shall give to Lessor written notice of its intention not to renew at least thirty (30) days prior to the expiration of any then term hereof."

By agreement dated September 22, 1959, the parties again amended the lease, but the purpose of this amendment was to permit defendants to dedicate 27 feet along the east part of the premises for highway purposes and include an additional 27 feet along the west end of the property within the lease.

Plaintiff subsequently on February 28, 1961, gave notice

of its intention to exercise its option to purchase as provided in the original agreement and tendered the purchase price. Defendants refused to accept the tender, claiming the amendment dated August 6, 1956, completely eliminated plaintiff's option rights to purchase the property. A complaint for specific performance was thereafter filed by plaintiff; defendants answered and counterclaimed for past due rent, or, in the alternative, that the lease be removed as a cloud upon the title to the real estate. The trial judge dismissed the complaint and removed the lease as a cloud upon the title to the land.

This appeal presents for our decision the question as to whether the amendment of August 6, 1956, eliminated from the lease the option to purchase the real estate. More precisely, the problem is: Was the unnumbered paragraph immediately following the extension provision of paragraph 5 of the original lease included within the material deleted by the August 6, 1956, amendment?

The physical arrangement of the provisions of the lease is of some significance. The lease consists of a series of numbered subdivisions or units extending from 1 through 12, to which the parties refer as "paragraphs". The amendment of August 6th expressly states that "paragraph 5. of said Lease and Agreement shall be deleted and the following shall be inserted therein as a new paragraph 5." This is a plain, unambiguous and unequivocal statement. "Delete" is defined as "to reduce to nullity" and "to eliminate as a matter for consideration". (Webster's Third New International Dictionary). There is nothing in this record to indicate its meaning to be other than the language would normally embrace: that the deletion of paragraph 5 would eliminate from future consideration all material within the portion of the agreement designated by the number "5" lying between the end of paragraph 4 and the commencement of paragraph 6, and that the new paragraph 5 would be substituted therefor.

The amendment was prepared by plaintiff and must be construed most strongly against it. (*Saddler* v. *Nat. Bank of Bloomington*, 403 Ill. 218, at 229, and cases there cited.) An agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined from the language used. It is not to be changed by extrinsic evidence. *Martin Emerich Outfitting Co.* v. *Siegel, Cooper & Co.*, 237 Ill. 610; *State Nat. Bank of Springfield* v. *Butler*, 149 Ill. 575; *Saddler* v. *Nat. Bank of Bloomington*, 403 Ill. 218.

Plaintiff now contends that a proper interpretation of the term "paragraph" would limit it to only the first subdivision of paragraph 5 relating to the renewal or extension privileges and would not include the second subdivision setting forth the purchase option terms. Some merit might exist in this argument were it not for the fact that the lease is a series of numbered units or subdivisions. and the amendment deletes "paragraph 5". For us to hold that this refers only to one subdivision of paragraph 5 would be to do violence to the plain meaning of the language, employed by the parties. That the plaintiff itself recognized the purchase option provisions to be a part of paragraph 5, and treated all of the material in paragraph 5, including the purchase option, as a unit is clearly demonstrated by the fact that its president in his letter of February 28, 1961, notifying defendants of plaintiff's intention to purchase, stated: "*paragraph five* of this Lease provided that Western Illinois Oil Company *has the option to purchase.*" (Emphasis supplied). Plaintiff's statement in this letter is directly opposed to plaintiff's present contention that the purchase option provisions are no part of paragraph 5, but are contained in an unnumbered paragraph entirely separate and distinct from paragraph 5.

In our opinion the most reasonable interpretation of the amendment is that it eliminated from the lease all of para-

graph 5, including the option to purchase, and substituted therefor a new paragraph 5 making no provision for such purchase. The action of the trial court in dismissing the complaint for want of equity and removing the lease as a cloud upon the title was therefore proper, and the decree of the circuit court of Knox County is affirmed.

*Decree affirmed.*