THE FARMERS AND MECHANICS BANK, Plaintiff-Appellant, v. RONALD V. DAVIES et al., Defendants-Appellees.

Third District   No. 80-230

Opinion filed May 28, 1981.—Rehearing denied July 22, 1981.

John M. Hanlon, of Hanlon & Ruedig, of Galesburg, for appellant.

Robert C. Stoerzbach, of Barash & Stoerzbach, of Galesburg, for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Farmers and Mechanics Bank (Bank) of Galesburg appeals from the order of the circuit court granting defendant Harvey Ouderkirk's motion for judgment on the pleadings. The Bank had brought an action to foreclose on a mortgage. On this appeal, the Bank argues that there existed a question of fact concerning whether the mortgage was given as security for the notes which were attached to the complaint and formed the basis for the foreclosure action. The Bank contends that due to the presence of a fact question the court erred in entering judgment on the pleadings.

The record discloses that the Bank filed its complaint to foreclose on a mortgage that was executed on June 30, 1976, by the defendants Davies. The defendants Barbara and Ronald Davies were named as mortgagors and defendant Harvey Ouderkirk was made a party due to his interest in the real estate given as security in the mortgage to the Bank. A copy of the mortgage was attached to the complaint as an exhibit, as were copies of six notes signed by Barbara and Ronald Davies and alleged to be secured by the mortgage. The face amounts of the notes totaled $92,000. All of the defendants filed answers denying that the copies of the notes attached to the complaint were copies of notes secured by the mortgage.

Two provisions of the mortgage are pertinent to the issue on appeal. One provision, a typewritten provision, states that the mortgage was given to secure the payment of 13 promissory notes, with their principal amounts totaling $297,254.77, and each marked with the legend "This note secured by real estate mortgage dated June 30, 1976." The following provision in the mortgage is a preprinted form clause which states:

> "Said Mortgagors agree to pay said Mortgagee any sum of money which he, they or either of them may now or hereafter owe said Mortgagee by reason of any note, check, draft or other paper upon which the name of the undersigned or either of them shall appear as maker or otherwise; and this mortgage *and its accompanying*

*note until discharged* is to be a continuing security for the payment of any such sum or sums."(Emphasis added.)

Concerning the notes alleged by the Bank to be secured by the mortgage, which formed the basis for the foreclosure action, none of the six notes contained the legend, "This note secured by real estate mortgage dated June 30, 1976." They were notes signed either by one or both of the Davies, although they were in existence prior to the execution of the mortgage.

Defendant Harvey Ouderkirk filed a motion for judgment on the pleadings, alleging that the pleadings were insufficient as a matter of law due to the fact that the notes upon which foreclosure was based did not contain the required legend, "This note secured by real estate mortgage dated June 30, 1976." Defendant contends that the notes were not, therefore, secured by the mortgage. A hearing on the motion was held at which authorities were submitted. The court heard arguments of counsel thereafter, and then the motion for judgment on the pleadings was granted. No opportunity was given to the Bank to present evidence. On this appeal, the Bank argues that the judgment entered was erroneous since there existed a factual question in the case. Specifically, the Bank argues that there was a factual question as to whether the notes attached to the complaint, upon which foreclosure is sought, were intended to be covered by the mortgage.

Our initial focus is upon the procedural posture of the case. As both sides agree, on a motion for judgment on the pleadings (Ill. Rev. Stat. 1979, ch. 110, par. 45(5)), the trial court must ascertain whether an issue of fact is presented by the pleadings. If a factual question exists, the court must then determine which party, if either is so qualified, is entitled to judgment as a matter of law. *Kravis v. Smith-Marine, Inc.* (1974), 20 Ill. App. 3d 483, 314 N.E.2d 577; *Swidler v. Litvin* (1969), 107 Ill. App. 2d 227, 246 N.E.2d 895.

The question before the circuit court, and before this court on appeal, is whether the pleadings raise an issue of fact such that the Bank should have been permitted to present evidence in the case. The question asserted to have been presented in the pleadings is whether the notes now attached to the complaint were those intended by the parties to be secured by the mortgage. The Bank argues that a fact question exists on the intent of the parties, while the defendants argue that the exhibits, being the mortgage and the notes, conclusively show that the notes were not those intended to be secured by the mortgage, since they did not contain the specific legend noted in the mortgage. Both sides agree that intent is the question and that the initial inquiry must focus on the language of the instruments at issue.

The mortgage document has two provisions which concern the obli-

gations for which the real estate security is given. The first provision, which was typed onto the pre-printed mortgage form, states specifically and concisely the obligations for which the real estate mortgage is given. It states that the mortgage is given to secure the payment of 13 promissory notes, with principal amounts totaling $297,254.77, and each marked with the legend, "This note secured by real estate mortgage dated June 30, 1976." The other provision, entirely general and part of the form document, was set out previously in the opinion, the pertinent section being the final clause. It states that the mortgage is a continuing security for all sums, past, present and future, which the mortgagors owe the Bank, whether arising from notes, drafts, checks or other paper executed by either or both mortgagors, until the mortgage "and the accompanying note" are discharged.

The notes which are now attached to the complaint and which are alleged by the Bank to have been intended to be covered by the mortgage do not contain the identifying legend specified in the more specific, typewritten clause of the mortgage document. None of them state, "This note secured by real estate mortgage dated June 30, 1976." In fact, four of the notes attached to the complaint are dated in months prior to June 1976, that is, prior to the existence of the mortgage. The notes, however, are notes owing to the Bank and signed by the signers of the mortgage.

■■ The Bank initially argues that a fact question is presented as to whether the notes now attached to its complaint were the notes intended to be covered by the specific provision of the mortgage, which detailed 13 notes and identified them specifically and unambiguously as bearing the identifying legend. It is argued that parol evidence could have shown that the notes were indeed covered by the specific provision of the mortgage concerning the notes for which security was given. We disagree. In that specific provision, the mortgage, as noted, clearly and unambiguously sets forth the intentions of the parties that the mortgage secures 13 notes which bear the legend, "This note secured by real estate mortgage dated June 30, 1976." The parties thus provided for a clear and unmistakable method for identifying which notes were to be secured by the mortgage. The security is being given, by the mortgage, for 13 notes which on their faces state that they are secured by the June 30, 1976, mortgage. None of the six notes attached to the complaint and alleged to be secured by the mortgage conform to this explicit description in the mortgage itself.

In circumstances where the language of the parties is unambiguous and their intent thereby clear and specific, parol evidence is not permissible to show their intentions to be otherwise than stated by the unambiguous language. (*Western Illinois Oil Co. v. Thompson* (1962), 26 Ill. 2d 287, 291, 186 N.E.2d 285; *Bank of Naperville v. Holz* (1980), 86 Ill. App.

3d 533, 407 N.E.2d 1102.) In a mortgage context, parol evidence has been held admissible to show the intent of the parties with respect to the debt or obligations secured, where there are minor variations between the notes and the debt described in the mortgage. (*Metropolitan Life Insurance Co. v. Kobbeman* (1931), 260 Ill. App. 508, 511-12; *Chicago City Bank & Trust v. Bremer* (1914), 189 Ill. App. 258.) The rule is applied as to minor deviations where the "note is otherwise fully and properly described" in the mortgage. (260 Ill. App. 508, 511.) Such full and proper description and clear identification are not present in the instant case. The notes in the instant case lack the most distinguishing and identifying characteristic of the notes which are stated to be secured by the mortgage. They do not contain the legend, "This note secured by real estate mortgage dated June 30, 1976." Such an omission can hardly be considered minor or slight, where it is clear that the parties relied upon the inclusion of that identifying legend to indicate the notes covered by the mortgage. This mortgage provision is clear and unambiguous with respect to which notes are secured, and the notes in question do not, in any substantial way, correspond to the clear language of identification in that portion of the mortgage document. The only conclusion to be drawn from the exhibits is that these notes were not those notes which the parties intended to be covered by the more specific mortgage clause. Parol evidence would not be permissible to contradict the clear language of the clause and the notes. Were the mortgage limited to simply this provision specifically identifying the notes for which security is given, the judgment on the pleadings entered by the trial court would be upheld. However, there is another pertinent provision in the mortgage document.

The other provision, set out above in the opinion, states that the mortgage is to be a continuing security for sums owed by the mortgagors to the mortgagee, whether evidenced by note, check, draft, or other paper. This all encompassing provision, which follows the clause specifically identifying the 13 notes for which security is given, states the parties' intention that the mortgage act as security for all indebtedness owing by the mortgagors to the mortgagee Bank, whether past, present, or future. In the general provision mortgage and accompanying note are recited to be security only until the "accompanying note are discharged."

■■ We agree with the defendant that some ambiguity results from the presence of these two provisions, each independently stating the debts for which the security is given. We also agree, as more fully explained later, that the ambiguity present must be construed against the Bank. Nevertheless, the Bank should at least have the opportunity to prove that the parties involved clearly intended the provisions to be read as consistent with each other and that the provisions were clearly understood by the Davies' as the Bank contends. There is a fact question, raised by the presence of the

preprinted clause, on the issue of the parties' intentions as to what indebtedness was to be secured by the mortgage. As such, entry of judgment on the pleadings was improper. We reverse and remand for further proceedings. Some comment concerning the resolution of that fact question is appropriate at this time.

In *National Acceptance Co. v. Exchange National Bank* (1968), 101 Ill. App. 2d 396, 404, 243 N.E.2d 264, the court held that such all encompassing provisions have been labeled "dragnet clauses" and "anaconda mortgages" because of their broad terms "the unsuspecting debtor is enwrapped in the folds of secured indebtedness." (See also 55 Am. Jur. 2d *Mortgages* §142.) Such provisions are not favored and are to be carefully scrutinized and strictly construed against the mortgagee. (101 Ill. App. 2d 396, 404.) Under the rule of strict construction, any ambiguity between a "dragnet" provision and another provision covering the same subject matter would have to be construed against application of the dragnet clause, absent other evidence of the parties' intentions. In the *National Acceptance* case, wherein the court upheld the validity and application of a dragnet clause, the trust deed containing the clause was totally unambiguous in that it specifically stated that the deed was delivered to secure, "[i]*n addition to the note described above*, any and all sums, indebtedness and liabilities of any and every kind now or hereafter owing or to become due from Mortgagor to holders of the Note, * * *." (Emphasis added.) (101 Ill. App. 2d 396, 403.) Faced with the language indicating the unambiguous intent of the parties, the court upheld the dragnet clause, despite the rule of strict construction.

In the case at bar there is some ambiguity as to the debts for which security was given in the mortgage of June 30, 1976. The ambiguity arises when the two provisions in question are scrutinized and compared with each other. The parties, by typewritten insertion, stated their intention that the mortgage was given to secure 13 notes, marked: "This note secured by real estate mortgage dated June 30, 1976." An implication from this clear and unequivocal statement and identification of the notes covered is that the specified and identified notes are the sole notes to be covered by the mortgage. If the intention of the parties in the mortgage instrument was to have the mortgage provide security for all the mortgagors' obligations, past, present and future, there would be little purpose in being so definite and specific in identifying these notes. Then, in a subsequent provision, and contrary to the implication arising from the previous specific provision, is the preprinted form clause which states that the mortgage is to be security for all debts, liabilities, obligations and notes of the mortgagors to the mortgagee. If the intent of the parties in the mortgage was that it should cover the 13 notes, *and in addition thereto*,

without limiting the security aspect arising from the discharge limitation, all other notes, obligations, debts and liabilities of the mortgagors, then the language should have clearly and unequivocally stated that, as the trust deed in *National Acceptance* did. Such statement would have removed any ambiguity on the question of intent. In this case, there are two separate and distinct provisions, which make no reference to each other and which treat differently the same subject matter.

In resolving the ambiguity, upon remandment, the mortgage should be construed against its maker (*Western Illinois Oil Co. v. Thompson* (1962), 26 Ill. 2d 287, 291), here, the Bank, and the dragnet clause should be strictly construed against the Bank. (101 Ill. App. 2d 396, 404.) If other evidence submitted shows affirmatively and clearly that the parties intended the security to cover all the debts of the mortgagors to the Bank without any time limit, then the Bank could prevail. If the other evidence is not sufficient to establish that clear intention, then, under accepted rules of construction, it should be concluded that the provision specifying 13 notes, each marked as specified in the mortgage, acts to limit the language and effect of the dragnet clause. Such construction would be consistent with the rule requiring strict construction of such clauses, and also consistent with other accepted and established rules of construction. Where ambiguities exist in a contract between two provisions, the more specific provision relating to the same subject matter controls over the more general provision. (*Faith v. Martoccio* (1974), 21 Ill. App. 3d 999, 316 N.E.2d 164.) Where ambiguities exist between a typed portion of a contract and a printed form provision of a contract, then the typed portion is to be given effect over the printed portion in determining the intention of the parties. (*Dixon v. Montgomery Ward & Co.* (1953), 351 Ill. App. 75, 114 N.E.2d 44.) Both of these cases and the rules stated were used by the court in *Farmers State Bank v. Doering* (1980), 80 Ill. App. 3d 959, 400 N.E.2d 705. There the court reversed a summary judgment which had been entered for plaintiff Bank and remanded with directions that summary judgment be entered in favor of defendants. The case involved construction of a guaranty agreement between the Bank and the signers, and the court found that the more specific typewritten provision in the agreement controlled over the general printed provision where there was any ambiguity. It found for the defendants, as a matter of law, based upon application of the aforementioned rules of construction to the agreement. (80 Ill. App. 3d 959, 962-63.) Absent other evidence of the parties' intentions in the instant case, such rules would also require judgment for the defendants in the instant case. For the reasons stated, we remand to the Circuit Court of Knox County for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded for further proceedings consistent with the views expressed in this opinion.

BARRY and HEIPLE, JJ., concur.