## COHEN *v.* STEVENSON

[No. 126, October Term, 1956.]

*Decided May 7, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*Joseph S. Cullins, Jr.,* with whom were *Joseph D. Bulman* and *Samuel Z. Goldman* on the brief, for appellant.

*Ralph W. Powers,* with whom was *Thomas B. Yewell* on the brief, for appellee.

BRUNE, C. J., delivered the opinion of the Court.

The plaintiff below, appellant here, Cohen sued the defendant-appellee, Stevenson, to recover for personal injuries alleged to have been sustained through negligence on the part of the defendant. The case was submitted to the jury on questions of primary negligence and of contributory negligence. The jury failed to reach a verdict and was discharged. The defendant filed a motion for a judgment N.O.V. The trial judge delivered a brief oral opinion in which he found that evidence of primary negligence was lacking and also that the plaintiff's action in moving into the position where he was injured constituted contributory negligence. He accordingly granted the defendant's motion and the plaintiff appealed from the judgment entered in accordance therewith.

Cohen was employed as a salesman for a home improvement company, of which a Mr. Pearlman was the owner or manager. On the day of the accident here involved Cohen was driving a light truck to pick up some material for use on a job and his employer, Pearlman, was driving a passenger

car accompanying him on the errand. At a point near the defendant's service station the tire on the right rear wheel of the plaintiff's truck blew out. Cohen parked the truck on the side of the road with about the left half of the vehicle on or over the macadam pavement and the right half (including the blown out tire) on or over the somewhat soft, sandy shoulder of the road. Pearlman went to Stevenson's service station for assistance, and Stevenson sent out a youthful employee named Keifer, then aged about sixteen and a half years, to change the tire. On this mission Keifer drove the defendant's truck which was equipped with a crane hoist and also with jacks. Keifer elected to use the jacks for this job.

He first jacked up the right rear axle with a hydraulic jack placed on the shoulder of the road. Since this did not raise the wheel high enough to permit the removal of the flat tire, he scooped out some dirt under it and then took it off. Next he tried to get the spare tire and wheel out from their position under the rear of the body of the truck, but the truck was too low for him to do so. He thereupon took another jack (apparently a bumper jack) from the repair truck and jacked up the Cohen truck by placing the second jack under either the rear axle or the rear bumper somewhat to the left of the center of the truck.

Cohen took no part in the tire changing work. At the start of it he was sitting on a rather low embankment at the side of the shoulder of the road about seven to ten feet from the edge of the macadam. He was to some extent watching Keifer and was talking with a fellow employee. Pearlman's car was parked in front of the Cohen truck and Pearlman was sitting in it going over some papers. He called to Cohen to join him. Cohen left the embankment and started towards Pearlman's car, walking along the shoulder of the road about three or four feet from the side of the truck. This shoulder sloped down to the foot of the embankment somewhere between one and two feet vertically in a horizontal distance of seven to ten feet.

As Keifer was preparing to go under the truck a second time to get the spare tire and wheel and as Cohen was passing

alongside the truck to join Pearlman, the truck slipped off both jacks and struck Cohen, injuring his shoulder.

There was a conflict of testimony as to whether or not Keifer had warned Cohen to keep out of the way. On reviewing a judgment N.O.V. for the defendant, this conflict must be resolved in the plaintiff's favor. *Wood v. H. W. Gossard Co.,* 204 Md. 177, 103 A. 2d 130.

The plaintiff sought instructions submitting the case to the jury on the doctrine of *res ipsa loquitur,* which were denied. The evidence pointed so clearly to the manner in which the defendant's employee placed and applied the jacks as the cause of the truck slipping off them that no need for resort to the doctrine of *res ipsa loquitur* is apparent. Whether instructions based on this doctrine should have been given if proof as to cause had been less need not be decided. Cf. *McDonough v. Schwartz,* 329 Ill. App. 178, 67 N. E. 2d 306. There the defendant had jacked up his car to change a tire, and the plaintiff was helping him. The car slipped off the jack and injured the plaintiff. *Res ipsa loquitur* was held applicable.

Here, the evidence of primary negligence was sufficient, we think, to require its submission to the jury, unless the plaintiff was barred by contributory negligence. Keifer testified that he "did not know if these jacks would hold up or not." He stated that because of this, to be on the safe side, he told Cohen and others to stand back. This warning, as we have already noted, was denied by Cohen. It is quite clear that Keifer realized the danger that (in his words) "the truck would fly off the jack." The defendant cites several facts known to the plaintiff upon which (together with the plaintiff's leaving a position of safety and entering a place of danger) he relies heavily to show contributory negligence on the part of the plaintiff. These facts were as well known to the defendant's employee as to the plaintiff and were as follows: the position of the truck (where the plaintiff had driven it) partly on the road and partly on the shoulder; that the truck was being jacked up; that it was resting on sloping ground; and that the ground was soft. What must have been obvious to Keifer, but may not have been obvious to Cohen, and cer-

206

tainly is not shown to have been known to him, was that the second jack was applied by Keifer to a point somewhat to the left of the center of the truck, thereby increasing the likelihood of the truck tipping or being tipped off the jacks towards the side of the road where Cohen was.

We think that these facts were sufficient to have warranted a finding by the jury that the defendant was guilty of primary negligence.

The question of contributory negligence remains. That, we think, also presented an issue for determination by the jury. If, as we think the jury might have found, (1) Keifer's act in jacking up the truck with the second jack placed to the left of center caused the truck to slip down to the right and to fall off the jacks and strike the plaintiff, and (2) Cohen neither knew nor had reason to anticipate that Keifer would apply the second jack in such a way as to produce that result, we think that he cannot be said to have been guilty of contributory negligence as a matter of law in passing within a few feet of the lower side of the truck. See *Bull S. S. Lines v. Fisher,* 196 Md. 519, 77 A. 2d 142; *Sanders v. Williams,* 209 Md. 149, 120 A. 2d 397.

Since we are of the opinion that there was evidence sufficient to have sustained a verdict finding the defendant guilty of primary negligence and the plaintiff free of contributory negligence, the judgment will be reversed and the case remanded for a new trial.

*Judgment reversed with costs and case remanded for a new trial.*