(No. 17004.—Appellate Court reversed; circuit court affirmed.)

ELKIN GINSBURG, Plaintiff in Error, vs. THE BULL DOG
AUTO FIRE INSURANCE ASSOCIATION OF CHICAGO, De-
fendant in Error.

*Opinion filed February 24, 1928.*

1. CONTRACTS—*when a contract is assignable.* An executory
contract is not assignable without consent of both parties thereto
where the personal acts and qualities of one of the parties form
a material and ingredient part of the contract, but after the con-
tract has been fully executed and nothing remains to be done ex-
cept to pay a sum of money the claim therefor becomes a chose in
action, which is assignable and enforcible under section 18 of the
Practice act.

2. INSURANCE—*claim for insurance after loss or damage is as-
signable.* Although a policy insuring the owner of an automobile
against loss by theft is issued by a mutual concern making the in-
sured a member of the company, and provides that it shall not be
assigned except as provided in the policy and that an additional
membership fee shall be paid in such case, a claim for insurance
after the loss of the car by theft is assignable as a chose in action,
and the provision in the policy against assignment except as speci-
fied therein is no defense to an action by an assignee of the claim.

WRIT OF ERROR to the First Division of the Appellate
Court for the First District;—heard in that court on appeal
from the Circuit Court of Cook county; the Hon. DAVID
M. BROTHERS, Judge, presiding.

ABRAHAM LEPINE, (GEORGE C. BLISS, of counsel,) for
plaintiff in error.

LOUIS J. BEHAN, WILLIAM J. CORRIGAN, and WAYNE
C. TOWNLEY, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Defendant in error, the Bull Dog Auto Fire Insurance
Association of Chicago, a mutual and reciprocal insurance
company, issued a policy of insurance to Nick D'Alassandro

against loss by theft of an automobile.   On January 17, 1920, the automobile was stolen and was never recovered. D'Alassandro assigned his claim under the policy to plaintiff in error, Elkin Ginsburg.   The policy provided that "no assignment of interest under this policy shall be or become binding upon the association unless the written consent of the attorney is endorsed thereon and an additional membership fee is paid."   Plaintiff in error began suit in the circuit court of Cook county against defendant in error upon the assignment.   The declaration consisted of five counts.   The first count alleged the assignment to plaintiff in error of the policy, together with all right, title and interest therein.   The other counts alleged an assignment to plaintiff in error of the money due.   A plea of the general issue was filed, together with several special pleas, one of which averred that when the attempted assignment was made the consent of the attorney in fact was not obtained nor was it endorsed on the policy; that a payment of the additional membership fee had never been made; that the policy was void by reason of certain false representations made by the insured at the time the policy was issued; that plaintiff in error had no right, title or interest in the policy.   There was a verdict and judgment against defendant in error for $1195.75.   An appeal was prosecuted to the Appellate Court for the First District, where the judgment was reversed, and the case is brought to this court on a writ of *certiorari*.

The entire defense was based upon the failure to comply with the terms of the policy above quoted with reference to the assignment.   There is a distinction between the assignment of a policy of insurance before loss and the assignment of a claim for loss after the loss has occurred. In the case of an executory contract, whether it be a policy of insurance or any other contract, the rule is well settled that the contract generally is not assignable without the consent of both parties thereto, where the personal

acts and qualities of one of the parties form a material and ingredient part of the contract. (2 Chitty on Contracts,—11th Am. ed.—1336.) This is upon the doctrine that every one has a right to select and determine with whom he will contract, and he cannot have another person thrust upon him without his consent. In the familiar phrase of Lord Denman, "You have the right to the benefit you anticipate from the character, credit and substance of the party with whom you contract." (*Mueller* v. *Northwestern University,* 195 Ill. 236.) In 32 Corpus Juris, 1091, the rule with reference to the assignment of insurance policies is stated, as follows: "Being a voluntary contract, the parties may make it on such terms and incorporate such provisions and conditions as they see fit to adopt, and the contract as made measures their rights, provided, of course, the agreement does not violate any principle of the common law or any provision of a constitution or statute." On page 1240 of the same volume it is said: "But a policy cannot be assigned where the contract is considered a personal contract between the company and the insured, or where the assignment is expressly prohibited by the terms of the policy, unless the company consents to the assignment."

After the contract has been fully executed and nothing remains to be done except to pay the money a different rule applies. The element of the personal character, credit and substance of the party with whom the contract is made is no longer material, because the contract has been completed and all that remains to be done is to pay the amount due. The claim becomes a chose in action, which is assignable and enforcible under section 18 of the Practice act. In *Sloan* v. *Williams,* 138 Ill. 43, on page 46, it is said: "It is true, that after the contract has been executed by the person agreeing to perform such personal services or exercise such personal skill he may assign the right to recover compensation.—3 Pomeroy's Eq. Jur. sec. 1275, note 2,

*supra."* In 26 Corpus Juris, 447, it is said: "An assignment of the policy, after loss, may be made without notice or consent of the insurer, unless such consent or notice is required by statute. In the absence of such a statutory provision such an assignment is valid even though the policy provides that it shall be void if assigned, either before or after loss, without the consent of the insurer, for such an assignment relates to the cause of action and not to the policy." In May on Insurance (vol. 2, sec. 386,) it is said: "An assignment after loss is not the assignment of the policy but the assignment of a claim or debt—a chose in action. * * * An assignment after loss does not violate the clause in the policy forbidding a transfer even if the clause reads before or after loss. The reason of the restriction is, that the company might be willing to write a risk for one person of known habits and character and not for another person of less integrity and prudence, but after loss this reason no longer exists." To the same effect are *Dadmun Co.* v. *Worcester Mutual Fire Ins. Co.* 52 Mass. 429; *Roger Williams Ins. Co.* v. *Carrington,* 43 Mich. 252; *Carroll* v. *Charter Oak Ins. Co.* 38 Barb. 402; *Same case,* 40 id. 292; *Alkan* v. *New Hampshire Ins. Co.* 53 Wis. 136.

It is insisted by defendant in error that the rule with reference to mutual and reciprocal companies is different from the rule which governs stock companies; that in a mutual company a subscriber who takes out a policy must be a member of the company; that he sign a subscription contract under which he agrees to pay his proportionate share of the losses; that other subscribers have a right to insist that a person who is not so liable shall not be entitled to insurance; that D'Alassandro was a life member of the company until his obligation was terminated as provided in the policy, and he was thus obligated to pay any assessments which might be levied; that plaintiff in error never became a member of the company, was not liable for assessments, and therefore acquired no rights

under the policy; that no interest under the policy could be acquired by plaintiff in error except in the manner provided in the policy. These contentions would probably be true if plaintiff in error had bought the automobile covered by the policy prior to the time it was stolen and an attempt had been made to assign the policy. It would then have been necessary to comply with the provisions of the policy with reference to assignment, and if those provisions were not complied with plaintiff in error would not be protected. After the loss and after the cause of action had been assigned it was not necessary for plaintiff in error to become a member of the company. He was in need of no protection against loss because the loss had already accrued. When the automobile was stolen and defendant refused to pay, a cause of action arose in favor of the insured. It became a chose in action and the policy became the evidence of the debt. The insured had the right to assign this debt, and when he did so, plaintiff in error had a right to begin this suit. Defendant in error offered no evidence of any claim against either the insured or plaintiff in error, as provided in section 18 of the Practice act. In fact, the evidence shows no defense of any kind or character.

The Appellate Court was in error in reversing the judgment of the trial court, and the judgment of the Appellate Court will be reversed and the judgment of the circuit court will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment of Appellate Court reversed.*
*Judgment of circuit court affirmed.*