First National Bank of Danville, Executor of Last Will
and Testament of Emma H. Fisher, Deceased, Appellant, v. Josephine Taylor et al., Appellees.

Gen. No. 9,493.

Opinion filed May 28, 1946. Released for publication June 24, 1946.

MANN & STIFLER, of Danville, for appellant.

STEELY, DYSERT & NORWOOD, of Danville, for appellees; BENJAMIN I. NORWOOD, JR., of Danville, of counsel.

MR. JUSTICE DADY delivered the opinion of the court.

In the above cause the defendants filed a motion to abate the proceeding and dismiss the amended complaint. The court ordered that such motion be "allowed and complaint is dismissed." Plaintiff elected to stand by the amended complaint, and thereupon the court ordered that the plaintiff's action be forever barred. Plaintiff brings this appeal from such order.

The material facts alleged in such complaint and admitted by the motion are:

1. Plaintiff is the executor of the will of Emma H. Fisher, deceased, who died at 3:00 o'clock p. m. on January 1, 1944. She was the widow of John W. Fisher, deceased, who died March 19, 1926.

2. The will and codicil of John W. Fisher were duly admitted to probate and the fourth clause of such will as modified and changed by such codicil reads as follows:

"It is my will that my children, after my death and during the life of my wife, pay to my said wife each year during her life the sum of money set after their respective names, viz:

| | |
|---|---|
| Charles U. Fisher | $400.00 |
| Edward M. Fisher | $400.00 |
| Armada Miller | $400.00 |
| Josephine Taylor | $400.00 |
| Jacob G. Fisher | $400.00 |

that said sums of money be paid to my said wife at the bank in Indianola, subject to her order, on or

before January 1st each year; and I hereby make said payments to my said wife by my said children a charge and lien upon all of my real estate to secure the full and faithful payment of the same during the life of my wife. In case any of my said children should be deceased at the time of my death, then and in such case the person or persons who succeed to the share of said deceased child or children shall make payment as above."

3. Armada Miller died before the death of John W. Fisher, leaving three children, *viz:* Wynona Ward, Delmer F. Miller, and Everett J. Miller, as her only heirs.

4. On April 21, 1926, a contract was signed and entered into by and between Charles U. Fisher, Edward M. Fisher, Jacob G. Fisher, Josephine Taylor, Wynona Ward, Delmer F. Miller, and Everett J. Miller, as parties of the first part, and by Emma H. Fisher, as party of the second part, which stated that, in consideration that the second party would not file any renunciation of such will and codicil, and would accept the provisions provided in said agreement for her benefit, in full satisfaction and settlement of all of her interest in the property of John W. Fisher, deceased,—the first parties agreed, among other things:

"1. That they will pay to second party the said sum of $2,000.00 per year, as provided in the codicil to the Last Will and Testament of the said John W. Fisher, deceased, in the manner provided in said Last Will and Testament."

5. By said agreement first parties also agreed to convey and turn over to Emma H. Fisher certain real and personal estate belonging to the estate of John W. Fisher, deceased.

6. By said agreement second party agreed to not file any such renunciation, agreed to accept "said sum of $2,000 per year as provided for her in the codicil," and to accept certain real and personal property, and

that on request she would sign necessary deeds or papers for carrying out the intent and purpose of the contract.

7.   Emma H. Fisher fully complied with her part of such contract.  The defendants complied with their part of the contract except that they failed to pay the amount due thereunder on or before January 1, 1944.

8.   Jacob G. Fisher died December 24, 1941.  The legatees under his will were his widow Jessie M. Fisher and his daughter Elizabeth Fisher Tobin.

9.   Charles U. Fisher is deceased and his heirs are unknown to plaintiff.

The prayer of the complaint was that judgment be entered against Edward M. Fisher and Josephine Taylor each for $400; against Jessie M. Fisher and Elizabeth Fisher Tobin, together, for the sum of $400, and against Wynona Ward, Delmer F. Miller, and Everett J. Miller, each in the sum of $133.33.  They were the only defendants.

The only grounds set forth in the motion to abate and dismiss are:

1.   The complaint fails to implead as parties defendant all necessary parties.

2.   The complaint affirmatively shows that any right of action which Emma H. Fisher had was a personal right not assignable and no right of action survived her death.

3.   The complaint affirmatively shows that no right of action has accrued to the plaintiff as executor.

4.   The complaint alleged that Emma H. Fisher died on January 1, 1944, New Year's Day, a legal holiday, at a time prior to the vesting of any right of action for default in the contract.

In passing on such contentions it is necessary to determine just what the first parties to such contract agreed thereby to do so far as concerns payment of the moneys sought to be recovered in this proceeding. We believe that the contract and the will and codicil must be read and construed as though they were

written into one instrument. The contract expressly provided that the first parties would "pay Emma H. Fisher the said sum of $2,000 per year *as provided*" in the codicil. (Emphasis ours.) The codicil did not provide that the five children named therein should jointly or severally pay the sum of $2,000 per year to the widow, but in effect merely provided that each of the said five children should pay the widow $400 per year. One of such children, namely, Armada Miller, predeceased the testator. Her children, the defendants Wynona Ward, Delmer F. Miller, and Everett J. Miller, as her heirs, succeeded to the share of Armada Miller, deceased, and the codicil and in effect the contract which they signed provided that in such contingency they would collectively pay the $400 per year which Armada Miller would have had to pay if living. Therefore it is our opinion that by the contract Charles U. Fisher, Edward M. Fisher, Josephine Taylor and Jacob G. Fisher severally agreed to pay the widow $400 per year, and Wynona Ward, Delmer F. Miller and Everett J. Miller jointly agreed to pay the widow $400 per year.

The contract, with such codicil read into it, then provides that during the life of the widow, each party respectively shall pay the widow on or before January first of each year during her life a certain specified sum. It is our opinion that the first payment due under the codicil became due on January 1, 1927. Subsequent payments became due and payable on January 1st of each year thereafter, the last payment being due and payable on January 1, 1944.

Defendants contend that the complaint fails to plead necessary parties in that the heirs of Charles U. Fisher are not made parties defendant. Defendants say that the agreement of April 21, 1926, was a joint and several contract because of the provisions of par. 3, ch. 76, Ill. Rev. Stat. 1945 [Jones Ill. Stats. Ann. 70.04], and cite several cases, such as *Wisner v. Catherwood,* 225 Ill. App. 471, which hold that in an action on a

joint and several obligation executed by two or more persons, one or all of the obligors, but not an intermediate number, may be sued. All of such cases were decided prior to the adoption of our Civil Practice Act (Ill. Rev. Stat. 1945, ch. 110, pars. 148, 150 [Jones Ill. Stats. Ann. 104.024, 104.026]), which Act provides:

"Sec. 24. (1) Any person may be made a defendant who, either jointly, severally or in the alternative, is alleged to have or claim an interest in the controversy, or in any part thereof, or in the transaction or series of transactions out of which the same arose, or whom it is necessary to make a party for the complete determination or settlement of any question involved therein, or against whom a liability is asserted either jointly, severally or in the alternative arising out of the same transaction or series of transactions, regardless of the number of causes of action joined.

"(2) It shall not be necessary that each defendant shall be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him; . . . ."

"Sec. 26. . . . No action shall be defeated by non-joinder or mis-joinder of parties. New parties may be added and parties mis-joined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require."

In view of such statute we do not consider that there is any merit to such contention of the defendants.

Moreover, as we have so construed the contract, from the viewpoint most favorable to defendants it was a several obligation as to Charles U. Fisher, and it is no concern of the defendants whether or not payment is ever made by his heirs.

Defendants' next contention is that the complaint states no cause of action against Jessie M. Fisher and Elizabeth Fisher Tobin. With this contention we

agree. The contract was not signed by Jessie M. Fisher or Elizabeth Fisher Tobin. We do not consider that sufficient facts are alleged in the complaint to make Jessie M. Fisher and Elizabeth Fisher Tobin liable either under the contract or under the provisions of the will and codicil of John W. Fisher, deceased.

In arguing the last three grounds of the motion, defendants contend that no cause of action survived the death of Emma H. Fisher, because the contract was of a personal nature and depended upon her continued existence and therefore terminated on her death, and that on her death no cause of action accrued to her executor.

It is argued that the tenor, language and purpose of both the contract and codicil indicate the payments of $2,000 per year were for the personal use and benefit of Emma H. Fisher. We consider it a sufficient reply to this contention to say that, whatever his disclosed or undisclosed intentions may have been, the testator specifically directed that on or before January first of each year of her succeeding life, after the testator's death, the widow be paid a specific amount, and that by the contract the first parties respectively agreed to make such annual payments.

Generally, at common law, all actions based on contracts survive the death of either party thereto. (1 C. J. S. p. 184, par. 137.) Where a right of action is so entirely personal that a person cannot by contract place it beyond his control, the action will not survive. As a general rule assignability and survivability of causes of action, being tests each of the other, are convertible terms. (*Olson v. Scully*, 296 Ill. 418, 422; *Creighton v. County of Pope*, 386 Ill. 468, 475.) In contracts to whose performance the continued existence of a particular person or thing is necessary, a condition is always implied that the death or destruction of that person or thing shall excuse performance. Thus, contracts for the performance of

personal services terminate upon the death of the party by whom the services are to be performed. (*Martin Emerich Outfitting Co. v. Siegel, Cooper & Co.*, 237 Ill. 610, 615.) In the case of an executory contract, the contract generally is not assignable without the consent of both parties thereof, where the personal acts and qualities of one of the parties form a material and ingredient part of the contract. (*Ginsburg v. Bull Dog Auto Fire Ins. Ass'n*, 328 Ill. 571, 572.)

It has been held in this State that contingent expectancies are assignable. (*Simmons v. Ross*, 270 Ill. 372; *Dyblie v. Dyblie*, 389 Ill. 326; *Hudson v. Hudson*, 222 Ill. 527.) And it has been held that there is no law forbidding one from assigning any property he may have. A person has the right to assign his wages, whether already earned or to be earned in the future. (*State Street Furniture Co. v. Armour & Co.*, 345 Ill. 160, 162; *Mallin v. Wenham*, 209 Ill. 252.)

It is our opinion that the rights of Emma H. Fisher under this contract could have been assigned by her at any time during her lifetime, and that therefore any rights which had accrued to her before her death were vested rights and survived her death. The payment of each instalment under the contract was contingent only on her being alive on January first of each year, and the contingency did not mean that she had to live during the whole of such day or any period of time thereafter.

Defendants contend that inasmuch as Emma H. Fisher did not live the whole day of January 1, 1944, but died at 3:00 p. m., and inasmuch as January first fell on a Saturday and New Year's Day and inasmuch as January 3 was the next business day, then no default in payment could have taken place until the close of business on January 3, 1944, and that it was a condition precedent that Emma H. Fisher be alive on January 3, 1944. We see no merit in this contention.

The judgment of the trial court is affirmed as to Jessie M. Fisher and Elizabeth Fisher Tobin only.

The judgment of the trial court is reversed as to all of the other defendants, and the cause is remanded to the trial court with directions to deny the said motion of the defendants other than Jessie M. Fisher and Elizabeth Fisher Tobin, and for further proceedings consistent with this opinion.

All costs in this court will be taxed against all defendants other than Jessie M. Fisher and Elizabeth Fisher Tobin.

*Affirmed in part and reversed and remanded in part with directions.*