FIRST ILLINOIS NATIONAL BANK, Plaintiff-Appellee, v. KENNETH L. KNAPP, Defendant-Appellant (Joseph Haas et al., Defendants-Appellees).

Second District   No. 2—92—0731

Opinion filed June 11, 1993.

Bernard J. Natale, of Rockford, for appellant.

John B. Whiton, of Snow, Hunter, Whiton & Fishburn, Ltd., of Freeport, for appellee Joseph Haas.

JUSTICE UNVERZAGT delivered the opinion of the court:

Plaintiff, First Illinois National Bank (Bank), filed this declaratory judgment action to determine to whom to transfer a parcel of property. After a bench trial, the trial court determined that the Bank was obligated to transfer the property to defendant Joseph Haas. Defendant Kenneth Knapp appeals, arguing that the Bank was obligated to transfer the property to him, instead.

Defendant Emily Schoenhaar was the mother of defendants James Schoenhaar and Richard Schoenhaar, as well as Carl Schoenhaar, who is not named as a defendant. The four Schoenhaars were in default on a debt to the Bank. This debt was secured by property which Emily owned. On April 28, 1988, Richard, James, and Emily entered into an agreement with the Bank entitled "Deed in Lieu of Foreclosure" (the Agreement). Carl was not a party to the Agreement. The Agreement was amended on September 17, 1988. Under its terms, the Schoenhaars transferred 414 acres of the secured property to the Bank. They retained a 20-acre homestead. Paragraph 10 of the Agreement provided:

> "*Right of first refusal.* In the event that Lender chooses to sell the surrendered parcel at private sale, borrowers shall be given 20 business days to match any *bona fide* offer received by Lender. Notice to James L.R. Schoenhaar shall be construed as

notice to all borrowers. In the event that Lender chooses to sell said parcel at public auction, it shall, prior to 20 days beforehand, notify borrowers of the sale date, and borrowers shall not have any greater rights than any other bidder."

Testimony at trial established that James Schoenhaar had primarily wanted, and negotiated for, the right of first refusal. The farm had been in the Schoenhaar family since 1913 and the 58-acre parcel in question had been in the Schoenhaar family since 1962. It was James' "big dream" to buy back the family farm. Both Knapp and Haas owned farms that neighbored what had been the Schoenhaar farm. Testimony at trial suggested that when the Schoenhaar family purchased the 58-acre parcel in 1962, a feud between the Haas family and the Schoenhaar family had ensued.

Some time after the Agreement took effect, the Bank placed the property up for sale. On January 16, 1989, defendant Haas made a *bona fide* written offer to purchase the property for $28,500. The Bank notified the Schoenhaars of Haas' offer. The offer stipulated that the Schoenhaars had 20 days to match the offer. Haas testified, however, that he did not expect the Schoenhaars to match the offer because they did not have the funds. Within 20 days of the notification, Richard Schoenhaar went to the Bank with Knapp. Richard informed Thomas Messer, a loan officer at the Bank, that he was giving Knapp permission to match the offer. Knapp tendered $28,500 in order to purchase the property. Messer informed Knapp and Richard that he did not know whether a valid assignment of the right of first refusal had occurred, and the Bank placed the $28,500 into a savings account until the matter could be resolved.

The Bank filed a declaratory judgment action in order to determine to whom to sell the property. The Bank asked the trial court to determine (1) whether the Schoenhaars' right of first refusal was assignable and (2) whether a valid assignment of that right had taken place. The Schoenhaars made no appearance in this action and a default judgment was entered against them. Knapp moved for summary judgment claiming that as a matter of law the Bank was obligated to transfer the property to him. Haas moved for judgment on the pleadings, claiming that it was apparent from the pleadings that there had been no valid exercise of the right of first refusal. After a hearing, the trial court granted partial summary judgment to Knapp. The trial court found that the right of first refusal was assignable as a matter of law. The trial court also found, however, that there were material questions of fact as to whether Richard Schoenhaar made a valid assignment of that right to Knapp. According to the trial court, the

agreement was ambiguous concerning whether the right of first refusal was in each of the Schoenhaars individually or whether all of the Schoenhaars were required to act together in order to exercise the right.[1] The trial court denied Haas' motion for judgment on the pleadings.

After a bench trial, the trial court, in a memorandum decision, stated, "the right of first refusal was personal to the Schoenhaar family as a whole as those persons listed as Borrowers in the Agreement." The trial court therefore ordered the Bank to transfer the property to Haas. Knapp appeals. Haas has filed a response. Neither the Schoenhaars nor the Bank has filed briefs in this appeal. We affirm the trial court's finding in favor of Haas.

■ The general right of a party to choose with whom he or she contracts underlies any determination of whether a contract is assignable. (*Ginsburg v. Bull Dog Auto Fire Insurance Association* (1928), 328 Ill. 571, 573.) In *Ginsburg*, the victim of an auto theft assigned to plaintiff his right to recover under his automobile insurance policy. The court held that an insurance policy itself is not assignable because personal attributes of the policyholder are material to the terms of the policy. (*Ginsburg*, 328 Ill. at 574.) Where the "personal acts and qualities of one of the parties form a material part of the contract," the contract is not assignable without both parties' consent. (*Ginsburg*, 328 Ill. at 572-73.) Where the party entitled to performance has placed trust and confidence in the performing party, the performing party cannot unilaterally delegate his or her responsibilities. (See *Ru-*

---

[1] In its "Memorandum Opinion After Bench Trial," the trial court stated:
  "As the court previously indicated in ruling on pre-trial motions, the Agreement is vague and uncertain as to whether or not the right to repurchase was assignable, personal to anyone [*sic*] of the defaulted defendants or only able to be exercised by all of them."
This could suggest that the assignability of the right of first refusal was still at issue at the time of the bench trial. However, the following colloquy between the trial court and Knapp's attorney at the January 8, 1990, hearing on Knapp's motion for summary judgment clearly shows that the trial court resolved the assignability issue as a matter of law.
  "[KNAPP'S ATTORNEY]: Couple of questions. I guess I hear the Court maybe making a partial summary judgment ruling. I guess I want to limit our issues when we do get to trial so we don't have to drag everyone and their brother into court. ***
  THE COURT: Okay. Let's make it simple. Since the agreement is silent as to assignability, the Court will hold that it [*sic*] was assignable. That sticks, so you don't have to argue about that. So I find no reference, no personal reference nor any lack of assignability. So that narrows it down ***."

*ral Electric Convenience Cooperative Co. v. Soyland Power Cooperative, Inc.* (1992), 239 Ill. App. 3d 969, 979.) *Ginsburg* held, however, that the policyholder's right to recover after suffering a loss was assignable. "After the contract has been fully executed and nothing remains to be done except to pay the money," the claim for that money becomes assignable. *Ginsburg*, 328 Ill. at 573; see also *Loyola University Medical Center v. Med Care H M O* (1989), 180 Ill. App. 3d 471, 477-78.

According to Haas, the Schoenhaars bargained for the right of first refusal because of their personal desire to repurchase the property. Haas argues, therefore, that the Schoenhaars' right of first refusal was personal and unassignable. We disagree.

■ The Schoenhaars' right of first refusal was not personal so as to preclude assignability. A rule preventing the Schoenhaars from assigning their right of first refusal would only exist to protect the Bank. It is undisputed, however, that the Bank had no interest in who bought the property. The Bank's only concern was to convey the property in accordance with the law. Furthermore, at the time of the assignment, the Schoenhaars had fulfilled all of their obligations under the agreement. The Bank, therefore, had no interest in whether the Schoenhaars remained a party to the contract. "[T]here is no law forbidding one from assigning any property he may have." *First National Bank v. Taylor* (1946), 329 Ill. App. 49, 56; see also *Rovak v. Parkside Veteran's Homes Project, Inc.* (1956), 8 Ill. App. 2d 310, 314, citing *Perkins v. Hadsell* (1869), 50 Ill. 216 ("an instrument which gives to a person an option to buy land, upon his performance of certain conditions, which he may or may not perform, as he may elect, may not be assignable by such person before he has acquired any right of property under it by performing the conditions, but it is assignable, in equity, thereafter").

The Appellate Court, First District, recently held that a similar right of first refusal was not assignable. (*Marcy v. Markiewicz* (1992), 233 Ill. App. 3d 801, 810.) In *Marcy*, plaintiffs and defendants formed a partnership in which they owned and developed two adjacent parcels of property. The parties subsequently dissolved the partnership. Plaintiffs took title to parcel A and defendants took title to parcel B. The dissolution agreement further provided that if defendants received a *bona fide* offer to purchase parcel B, plaintiffs had the right of first refusal. (*Marcy*, 233 Ill. App. 3d at 803-04.) The issue in *Marcy* was whether the right of first refusal violated the rule against perpetuities. The court determined that it did not, because plaintiffs' right of first refusal was personal and did not continue after the par-

ties' death. The court reasoned that the agreement did not specifically provide for the assignability or transferability of the right of first refusal. (*Marcy*, 233 Ill. App. 3d at 810.) The court stated that "[c]learly, the [contract provision] did not allow the right to be conveyed, by devise or sale or in any matter, to anyone." *Marcy*, 233 Ill. App. 3d at 810.

To the extent that *Marcy* would dictate that the right of first refusal in this case was not assignable, we choose not to follow that decision. The court in *Marcy* fails to explain how the right of first refusal was personal to plaintiffs or how defendants' ability to choose with whom they contract would be thwarted if plaintiffs assigned their right of first refusal to a third party. We know of no case which holds that a contract must specifically provide for the assignability of an otherwise assignable contract right.

Furthermore, the case relied on by the *Marcy* court is distinguishable from the present case. *Vogel v. Melish* (1964), 31 Ill. 2d 620, concerned a right of first refusal in a contract between the two sole shareholders in a corporation. The shareholders' agreement also provided for other restrictions on the sale of the corporation's shares. The court held that because of the personal nature of the shareholder agreement, that agreement did not survive the death of one of the shareholders. (*Vogel*, 31 Ill. 2d at 624.) Unlike the instant case, however, the agreement in *Vogel* was premised on the parties' close relationship as the two sole shareholders in the business that employed them.

In addition, Richard Schoenhaar pointed out to the trial court that he could have circumvented any prohibition against his assignment of the right of first refusal by borrowing money from Knapp to purchase the property and then deeding the property to Knapp. "Where a purchaser enters into an independent contract of sale with a third party, and promises to convey if, as, and when the purchaser acquires title to the property, there is no assignment." (*Lake Shore Club v. Lakefront Realty Corp.* (1979), 79 Ill. App. 3d 918, 923-24.) The fact that Richard could have effected the sale of the property to Knapp in this way underscores that the Schoenhaars' right of first refusal was not personal in nature.

Although we agree with Knapp that the Schoenhaars' right of first refusal was, in the abstract, assignable, we conclude that the trial court did not err in finding that Richard Schoenhaar did not properly assign the Schoenhaars' right of first refusal to Knapp.

Paragraph 10 of the agreement provides that "[i]n the event that Lender chooses to sell the surrendered parcel at private sale, *borrow-*

*ers* shall be given 20 business days to match any *bona fide* offer received by Lender." (Emphasis added.) The agreement defined "borrowers" as James Schoenhaar, Richard Schoenhaar, Carl Schoenhaar, and Emily Schoenhaar. The resolution of whether a valid assignment of the right of first refusal took place requires a determination of whether, by using the term "borrowers" in paragraph 10 of the agreement, the parties intended that the right of first refusal could be exercised individually by each of the four Schoenhaars, or whether they had to exercise the right as a group.

If the language in a contract is clear, then that language dictates, as a matter of law, the meaning of that contract. (*General Motors Acceptance Corp. v. Kettelson* (1991), 219 Ill. App. 3d 871, 876; *Berutti v. Dierks Foods, Inc.* (1986), 145 Ill. App. 3d 931, 934.) If a contract term can reasonably be understood in more than one way, however, then it is ambiguous. (*Butler v. Kent* (1991), 215 Ill. App. 3d 680, 685.) The interpretation of an ambiguous contract term is a question of fact, and the trial court may review extrinsic evidence in order to ascertain the intentions of the parties. *Farm Credit Bank v. Whitlock* (1991), 144 Ill. 2d 440, 447.

We agree with the trial court that the Agreement was ambiguous as to whether any Schoenhaar could exercise the right of first refusal individually or whether the Schoenhaars were required under the agreement to exercise the right as a group.

Thomas Potter represented the Bank throughout the negotiations preceding the execution of the Agreement. Potter testified at trial that the right of first refusal was not a central point in the Agreement and the parties never actually discussed whether the right was assignable or whether the Schoenhaars were required to exercise the right jointly. William Jegen, the attorney who represented the Schoenhaars when the Agreement was negotiated, testified at trial. Jegen testified that he only agreed to represent the Schoenhaars if they acted as a unit because he had not wanted to get involved in disputes between the Schoenhaar brothers. According to Jegen, therefore, the term "borrowers" throughout the Agreement, including paragraph 10, referred to the Schoenhaars jointly, not individually.

We conclude that under a reasonable interpretation of the contract, considering Jegen's testimony and considering that the contract defines the term "borrowers" to include all four Schoenhaars, the right of first refusal applied to the Schoenhaars jointly. Richard Schoenhaar could only assign the rights that he possessed (3 Ill. L. & Prac. *Assignments* §52 (1953)), and he did not possess the right of first refusal

individually. Consequently, he could not unilaterally assign the right of first refusal to Knapp.

Richard Schoenhaar claimed that he discussed with James and Emily Schoenhaar that he was going to let Knapp purchase the property. According to Richard, neither James nor Emily objected. Richard further testified that Carl, who refused to sign the Agreement, did not want to take part in decisions involving the property. Richard's after-the-fact testimony, however, that the other Schoenhaars agreed to the assignment does not persuade us that the trial court was wrong to find that Richard did not make a valid assignment. When Richard brought Knapp into the Bank to purchase the property, he presented the Bank with no evidence, either written or otherwise, that either James, Emily, or Carl acquiesced in Knapp's exercise of the family's right of first refusal. The trial court's finding, therefore, that Richard did not assign a valid right of first refusal to Knapp was not against the manifest weight of the evidence.

The judgment of the trial court of Carroll County is affirmed.

Affirmed.

WOODWARD and COLWELL, JJ., concur.