NOTICE
Decision filed 05/26/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 190291-U

NO. 5-19-0291

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| NANCY THOUVENIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 18-CH-20 |
| | ) | |
| BEVERLY J. CONRAD, | ) | Honorable |
| | ) | Daniel E. Hartigan, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Justices Barberis and Wharton concurred in the judgment.

**ORDER**

¶ 1    *Held:* Where plaintiff sought order enforcing her contractual right to purchase property, clear language found in deeds supported judgment in favor of the plaintiff's individual right to purchase.

¶ 2    In 2001 and 2004, four siblings, Charles William Conrad, Norman Lee Conrad, David Allen Conrad, and the plaintiff, Nancy Thouvenin, conveyed to Charles and his spouse, the defendant, Beverly J. Conrad, real estate via two warranty deeds that contained language allowing the siblings' repurchase of the real estate. In 2018, the plaintiff filed a complaint in the circuit court of Clinton County alleging that the defendant had improperly rejected her request to repurchase the real estate pursuant to the deed agreements and requesting the court to enforce the sale of the real estate. After hearing evidence and arguments, the circuit court entered judgment in favor of the plaintiff; however, the circuit court thereafter granted the defendant's motion to

1

reconsider and entered judgment in favor of the defendant. For the following reasons, we reverse the circuit court's judgment in favor of the defendant, and we remand the cause to the circuit court.

¶ 3                                    BACKGROUND

¶ 4     As recorded in a deed filed with the Clinton County Recorder of Deeds on June 29, 2001, Charles, Norman, David, and the plaintiff, as grantors, conveyed to Charles and the defendant, as husband and wife and grantees, for the consideration of $45,000, 40 acres of farmland. As recorded in a deed filed on September 10, 2004, Charles, individually and as trustee of the Wilma Conrad Testamentary Trust dated June 29, 1978, along with Norman, David, and the plaintiff, as grantors, conveyed approximately 105.33 acres of farmland to Charles and the defendant, as grantees, for the consideration of $126,900. Both deeds, drafted by Norman, contained the following language:

> "As additional consideration for this sale, the GRANTEES grant, transfer and convey to the GRANTORS for the GRANTORS['] joint lifetimes, the right to repurchase the property described herein for the same consideration as GRANTEES have paid to the GRANTORS for this sale. The right to purchase expires upon the death of the last of the GRANTORS."

¶ 5     In a letter dated February 8, 2018, the plaintiff requested to purchase from Charles and the defendant, who were living separately at the time, the 145.33 acres described in the two deeds for $217,995. On February 13, 2018, Charles sold half of the interest in the property to the plaintiff for $108,997.50. In a letter dated February 23, 2018, the defendant rejected the plaintiff's request to purchase.

¶ 6    On May 8, 2018, the plaintiff filed the complaint to enforce the real estate sale, alleging, *inter alia*, that the purpose of the agreement found in the deeds allowed title to the farmland to remain within the family for the duration of the grantors' joint lives. On August 1, 2018, the circuit court heard evidence regarding the plaintiff's request to enforce the real estate sale. At this hearing, Norman testified that the property at issue had been owned by his family since the 19th century. Norman testified that the language at issue was included in the deed so that the property remained in the family as long as a sibling was living. Charles testified that he and the defendant purchased the 40 acres for a reduced price of $1500 per acre, when the fair market value of the land was $1600 per acre. On October 15, 2018, after hearing evidence, the circuit court entered an order to enforce the sale of the real estate. In its order, the circuit court ruled that the duration, purpose, and price of the restriction was reasonable and that the below-market selling price of the land constituted the grantors' consideration to repurchase the land if they elected to do so. The circuit court thus ordered the defendant to convey her interest in the real estate to the plaintiff for the consideration originally received.

¶ 7    On November 14, 2018, the defendant filed a motion to reconsider, arguing that the plain language of the deed allowed the grantors collectively to repurchase the real estate, that the plaintiff did not have an individual right to repurchase the real estate, and that the circuit court erred in admitting evidence regarding the parties' intent because the language in the deeds was not ambiguous. The defendant argued that because the right to purchase did not run with the land, and therefore could be transferred without restriction by any individual grantor who had reacquired the property, the court should reject the argument that only one grantor could repurchase pursuant to the language of the deed.

¶ 8    On June 27, 2019, after hearing arguments, the circuit court entered its order on the defendant's motion to reconsider. The circuit court found that the testimony presented at the prior hearing was irrelevant because the deed language was clear, not ambiguous, and allowed the grantors collectively, not individually, to repurchase the real estate. The circuit court thereby vacated its October 15, 2018, order and denied the plaintiff's request to enforce the sale of real estate. On July 15, 2019, the plaintiff filed a timely notice of appeal.

¶ 9                                    ANALYSIS

¶ 10    The plaintiff initially argues that the defendant's motion to reconsider was improper. The "purpose of a motion to reconsider is to bring to the court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law." *Farmers Automobile Insurance Ass'n v. Universal Underwriters Insurance Co.*, 348 Ill. App. 3d 418, 422 (2004). Here, the defendant moved to reconsider because, in the defendant's view, the circuit court had misapplied the law in allowing parol evidence to construe the language of the deed. Bringing to the court's attention errors in the court's previous application of existing law is a proper purpose for a motion to reconsider.

¶ 11    However, a reconsideration motion is not the place to raise a new legal theory or factual argument and thus, legal theories and factual arguments raised for the first time in a motion to reconsider are generally forfeited. *Liceaga v. Baez*, 2019 IL App (1st) 181170, ¶ 25; *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36 (finding the defendant had forfeited its argument raised for the first time in a motion to reconsider); *American Chartered Bank v. USMDS, Inc.*, 2013 IL App (3d) 120397, ¶ 13 ("Issues cannot be raised for the first time in the trial court in a motion to reconsider and issues raised for the first time in a motion to reconsider cannot be raised on appeal."); *Sewickley, LLC v. Chicago Title Land Trust Co.*, 2012 IL App

4

(1st) 112977, ¶ 37 ("To allow [the] defendants to raise objections *** for the first time in a motion for rehearing and reconsideration would require this court to ignore long-standing precedent on how issues are litigated both in the [trial] court and before this court.").

¶ 12    Here, because the defendant argued for the first time in her motion to reconsider that the deed language allowed the grantors, only collectively, to exercise the option to repurchase, the defendant's argument was subject to forfeiture. However, waiver and forfeiture rules serve as an admonition to the litigants rather than a limitation upon the jurisdiction of the reviewing court, and courts of review may override considerations of waiver or forfeiture in the interests of achieving a just result. *Bank of America, N.A. v. Ebro Foods, Inc.*, 409 Ill. App. 3d 704, 709 (2011); *Daley v. License Appeal Comm'n*, 311 Ill. App. 3d 194, 200 (1999). We choose to address the issue.

¶ 13    On appeal, the plaintiff argues that the circuit court erred in granting the defendant's motion to reconsider because the plain language in the deeds allowed all grantors, or one grantor, to purchase the property. We agree.

¶ 14    Where a motion to reconsider is "based only on the trial court's application or misapplication of existing law, we review *de novo* the trial court's decision to grant or deny the motion." (Internal quotation marks omitted.) *Liceaga*, 2019 IL App (1st) 181170, ¶ 26; *Nissan Motor Acceptance Corp. v. Abbas Holding I, Inc.*, 2012 IL App (1st) 111296, ¶ 16. Likewise, the construction of a deed normally presents a question of law and is also subject to *de novo* review. *Diaz v. Home Federal Savings & Loan Ass'n of Elgin*, 337 Ill. App. 3d 722, 725 (2002).

¶ 15    In construing a deed, the primary goal is to ascertain the intent of the parties. *Urbaitis v. Commonwealth Edison*, 143 Ill. 2d 458, 467 (1991). The deed should be construed so as to carry out this intention, as gathered from the instrument as a whole, and every word in the deed should

5

be considered and, if possible, given effect. *Id.* "No one clause, phrase or sentence determines the intent" of the parties, and "[n]one of the words are [to be] considered meaningless or repugnant or surplusage." *Warren-Boynton State Bank v. Wallbaum*, 123 Ill. 2d 429, 436 (1988).

¶ 16    "Traditional contract interpretation principles in Illinois require that:

'[a]n agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined from the language used. It is not to be changed by extrinsic evidence.' " *Air Safety, Inc. v. Teachers Realty Corp.*, 185 Ill. 2d 457, 462 (1999) (quoting *Western Illinois Oil Co. v. Thompson*, 26 Ill. 2d 287, 291 (1962)).

"This approach is sometimes referred to as the 'four corners' rule." *Id.*

¶ 17    In applying this rule, a court initially looks to the language of the written agreement, which in this case is found in the deed. See *Rakowski v. Lucente*, 104 Ill. 2d 317, 323 (1984) (both the meaning of a written agreement and the intent of the parties is to be gathered from the face of the document without assistance from extrinsic evidence). If the language in the deed is not ambiguous, the parties' intention must be discerned solely from the language of the instrument, without resort to parol evidence. *Air Safety, Inc.*, 185 Ill. 2d at 462; *Urbaitis*, 143 Ill. 2d at 467. However, if the language of the deed is susceptible to more than one meaning, then an ambiguity is present, and parol evidence may be admitted to aid the trier of fact in resolving the ambiguity. *Air Safety*, 185 Ill. 2d at 462-63; *Asset Recovery Contracting, LLC v. Walsh Construction Co. of Illinois*, 2012 IL App (1st) 101226.

¶ 18    In this case, the language in the deeds provided that as additional consideration, Charles and the defendant conveyed "to the GRANTORS for the GRANTORS['] joint lifetimes, the right to repurchase the property *** for the same consideration as GRANTEES have paid to the

6

GRANTORS for this sale," and they further agreed that "[t]he right to purchase expires upon the death of the last of the GRANTORS." The plain language thus includes the plural "lifetimes," indicating that the right to repurchase lasted during the grantors' joint lifetimes, not their collective "lifetime." This construction is consistent with the deed's subsequent language contemplating an individual purchase by the lone surviving grantor. See *Urbaitis*, 143 Ill. 2d at 467 (every word in the deed should be considered and given effect). Construing the language to limit the right to purchase only to the group as a whole would render meaningless the language regarding the surviving grantor's individual right to purchase until death. *Regency Commercial Associates, LLC v. Lopax, Inc.*, 373 Ill. App. 3d 270, 275 (2007) (court considers agreement as a whole and will not interpret an agreement so as to nullify provisions or render them meaningless). As a result, this language supports the conclusion that the parties intended that the grantors acquired the right to purchase the property individually, or collectively, during their lifetimes. Although "joint" is included as an adjective describing "lifetimes" and the siblings were referred to as "grantors," the deed does not state that the grantors may only collectively exercise the right to purchase. Accordingly, the deed language supports judgment in the plaintiff's favor.

¶ 19     The defendant argues that because the deed language included the term "grantors," they may only collectively exercise their right to purchase. To support her argument, the defendant cites *First Illinois National Bank v. Knapp*, 246 Ill. App. 3d 152 (1993). In *Knapp*, the borrowers transferred acreage of secured property to the bank but retained a 20-acre homestead. *Id.* at 153. The agreement with the bank provided that if the bank chose to sell the surrendered parcel at private sale, the "borrowers shall be given 20 business days to match any *bona fide* offer received by" the bank. *Id.* After the bank received a *bona fide* written offer to purchase the

property and notified the borrowers of the offer, one of the borrowers gave Knapp permission to match the offer, and Knapp tendered the money in order to purchase the property. *Id.* at 154. In the resulting action, the trial court found that the agreement was ambiguous, considered parol evidence, and determined that the right of first refusal was personal to the borrowers as a whole, not individually. *Id.* at 155. On appeal, the appellate court agreed and held the agreement was ambiguous as to whether a borrower could exercise the right of first refusal individually or whether the borrowers were required under the agreement to exercise the right as a group. *Id.* at 158. Notably, the appellate court considered the testimony of the borrowers' attorney, who had testified that he had agreed to represent the borrowers as a unit, and that therefore, the term "borrowers" throughout the agreement referred to them jointly, not individually. *Id.* Thus, the appellate court concluded that considering the language of the contract, in addition to the attorney's testimony, the right of first refusal applied to the borrowers jointly, one borrower did not possess right of first refusal individually, and therefore, one borrower could not unilaterally assign the right of first refusal to Knapp. *Id.* at 158-59.

¶ 20     *Knapp* is distinguishable from the present case. As explained above, the plain language in the deeds, considered as a whole, clearly contemplated the individual exercise of the right to purchase. Moreover, in *Knapp*, because the court determined that the language was ambiguous, it considered parol evidence that supported the conclusion that in using the term "borrowers," the parties intended a right held jointly, not individually. Here, assuming, *arguendo*, that the circuit court had properly considered parol evidence due to an ambiguity in the deed language, the parol evidence had instead supported judgment in favor of the plaintiff. The evidence revealed that the siblings had sold the property to Charles and the defendant at a reduced price so as to retain the right to purchase, in order to maintain family ownership of the property during the grantors'

lifetimes. Charles and the plaintiff, two of the grantors, one of which was also a grantee, acted according to this intention when they entered into the transaction allowing the plaintiff to individually exercise the right to purchase. Unlike *Knapp*, the drafter of the language in this case did not testify that the parties intended to create only a collective right to purchase. Instead, the language of the deed, the circumstances surroundings its execution, and the parties' subsequent conduct supported the conclusion that the parties intended to create an individual, or a collective, right to purchase. *Foster v. Foster*, 273 Ill. App. 3d 106, 112 (1995).

¶ 21    We thus agree with the circuit court's October 15, 2018, judgment, wherein the court held that the plaintiff had acquired the individual right to purchase pursuant to the agreement found in the deeds, which was not an unreasonable restraint on alienation, as it was reasonable in duration, purpose, and price. See *Drayson v. Wolff*, 277 Ill. App. 3d 975, 984 (1996) (right of first refusal to purchase real estate was not unreasonable restraint on alienation because terms of duration, price, and purpose were reasonable). Because we conclude that the parties, pursuant to the plain and unambiguous language contained in the deeds, contemplated the plaintiff's individual purchase of the property, we need not address the defendant's argument regarding whether subsequent purchasers will be bound by the agreement, *i.e.*, whether it runs with the land. Accordingly, we conclude that the circuit court properly entered judgment in plaintiff's favor and improperly entered judgment in the defendant's favor on her motion to reconsider.

¶ 22                                    CONCLUSION

¶ 23    For the reasons stated, we reverse the judgment of the circuit court of Clinton County, and we remand the cause with directions to enter judgment in the plaintiff's favor.


¶ 24    Reversed and remanded with directions.

9