# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2022-0584, <u>Mary D. Pearce v. Robert Coviello & a.</u>, the court on December 28, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Mary D. Pearce, appeals an order of the Superior Court (<u>Ignatius</u>, J.), granting summary judgment in favor of the defendants, Robert Coviello and Maria Coviello, on her claim seeking specific performance of the sale of property pursuant to a right of first refusal contained within the deed to the property. In granting summary judgment, the trial court reasoned that the deed unambiguously created a collective right of first refusal in "Arthur and Mary Pearce," the original grantors of the property, for the duration of "the lifetime of said Arthur and Mary Pearce," rather than individual rights of first refusal in both Arthur Pearce and Mary Pearce, and that, upon the death of Arthur Pearce, the right expired as a matter of law. The trial court further reasoned that, because the right of first refusal language is unambiguous, extrinsic evidence could not contradict the unambiguous language of the deed. <u>See</u> <u>Carter Country Club v. Carter Community Bldg.</u> <u>Ass'n</u>, 174 N.H. 686, 691, 696 (2021). The plaintiff challenges these rulings.

The relevant deed provision states:

Conveyance of [the] lot is subject to a right of first refusal to Arthur and Mary Pearce, as follows: In the event that the grantees or their successors shall desire, during the lifetime of said Arthur and Mary Pearce ("Pearce"), to sell the premises described herein they shall so notify them in writing, certified mail, postage pre-paid, at [certain addresses]. Notification shall include the proposed purchase and sales agreement or other document stating the sales price, names and addresses of the proposed buyers, and all of the other bona-fide terms and conditions of the proposed sale. Pearce shall then have sixty (60) days to notify grantees or their successors of their intent to purchase the premises under the same terms and conditions. In no event shall Pearce have less than thirty (30) additional days after receipt of their notification to grantees or their successors of their intent to purchase, in which to close the transaction. In the event that Pearce does not exercise their right of first refusal then the grantees or their successors may proceed with the original sale, if and only, if, said sale conforms to the terms and conditions as provided to Pearce. This right of first

refusal shall not apply to bona-fide mortgages and foreclosures thereof except to the extent that the mortgagees shall forward to Pearce such notices as are required by New Hampshire RSA 479 as it may be amended from time to time.

A deed provision is ambiguous if the parties could reasonably disagree as to its meaning. Carter Country Club, 174 N.H. at 691. Whether a deed is ambiguous is a question of law. See id. (stating that the interpretation of a deed is a question of law); Galloway v. Chicago-Soft, 142 N.H. 752, 756 (1998) (stating that whether a contract term is ambiguous "is a question of law for this court to decide"). Here, we conclude that the deed could reasonably be understood to have provided both grantors an individual right of first refusal that would survive the death of the other grantor. Cf. Glick v. Chocurua Forestlands Ltd. P'ship, 157 N.H. 240, 242 (2008) (observing that, with respect to rights of first refusal over certain lots granted by the defendant to the plaintiff and his then-spouse, the interests of the plaintiff's spouse were subsequently transferred to the plaintiff in their divorce); First Illinois Nat. Bank v. Knapp, 615 N.E.2d 75, 76, 79 (Ill. Ct. App. 1993) (finding that provision of a deed in lieu of foreclosure agreement granting "borrowers" a right of first refusal with respect to property conveyed to the lender was ambiguous as to whether the right could be exercised by any one of the borrowers, or whether the "borrowers" were required to exercise the right as a group). Accordingly, the deed is ambiguous as a matter of law. We reverse the trial court's grant of summary judgment, and remand for further proceedings consistent with this order.

Reversed and remanded.

MacDonald, C.J., and Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

2